IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Paul William Wilshire,   ) | Civil Action No.: 4:13-cv-3614-RBH |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | **ORDER** |
| ) | |
| WFOI, LLC d/b/a Blue Marlin Yacht ) | |
| & Fishing Club a/k/a Captain Poo's ) | |
| Bar & Grill,   ) | |
| ) | |
| Defendant.   ) | |
| ) | |

## INTRODUCTION

This matter is before the court on Defendant WFOI, LLC d/b/a Blue Marlin Yacht & Fishing Club a/k/a Captain Poo's Bar & Grill's ("Defendant" or "WFOI") Motion to Compel, filed February 19, 2015. *See* Def.'s Mot., ECF No. 53. Defendant seeks an order compelling Plaintiff to respond to Defendant's Third Supplemental Request for Production No. 5 ("Request No. 5"), which requested that the Plaintiff produce "any and all settlement agreements, memoranda of settlement, releases, or mediation agreements in relation to the settlement of Paul Wilshire's claims against BOAC Marine, Inc." *See* ECF No. 53 at 1; ECF No. 53-2 at 7. BOAC Marine, Inc. ("BOAC") was formerly a party to this lawsuit, but Plaintiff and WFOI entered into a dismissal with prejudice of both Plaintiff's claims against BOAC and all crossclaims between BOAC and WFOI on January 9, 2015. *See* ECF No. 45. Plaintiff timely filed a response in opposition to Defendant's motion on March 9, 2015. *See* Pl.'s Resp., ECF No. 54.

**STANDARD**

"Discovery under the Federal Rules of Civil Procedure is broad in scope and freely permitted." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc*., 334 F.3d 390, 402 (4th Cir. 2003) (citation omitted).  As with any discovery dispute, Rule 26(b)(1) provides the general rule:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1).  Relevant information is a broader concept than admissible evidence.  To be relevant, information need only be calculated to lead to the discovery of admissible evidence, it need not be admissible itself.  "Relevant evidence" is defined to mean evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.  Fed. R. Evid. 401.

"On relevancy matters, the trial court has broad discretion." *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992).  The court may restrict the discovery of otherwise allowable information if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).  The Court may also restrict discovery where "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."  Fed. R. Civ. P. 26(b)(2)(C)(iii).  Broad discretion is afforded a district court's decision to grant or deny a motion to

compel. *Erdmann v. Preferred Research Inc. of Ga.*, 852 F.2d 788, 792 (4th Cir. 1988) (citation omitted).

## DISCUSSION

**I.     Parties' Arguments**

Defendant asserts that Plaintiff should have to respond to Request No. 5 and produce the settlement agreement between Plaintiff and BOAC.  In support of this argument, Defendant contends that the settlement agreement is within the scope of allowable discovery.  *See* ECF No.53-3 at 3.  Defendant notes that the Fourth Circuit has not recognized a settlement privilege, and thus the Court's analysis should simply focus on whether the agreement is relevant and not unduly burdensome to produce.  *See id.*  Defendant then argues that because this case involves joint and several liability, the settlement information is relevant to the issue of set-off.  *See id.* at 3–4.  Moreover, Defendant asserts that the settlement information will allow it to better assess its liability and evaluate its risks in continuing the litigation.  *See id.*  4–5.  Finally, Defendant claims it is relevant to assist in determining whether the release was given in good faith.  *See id.* at 6.  Defendant then shifts gears and asserts that, because BOAC representatives may be called as witnesses at trial, it is also necessary to evaluate and determine any bias or prejudice that any BOAC witness may have.  *See id.*  Defendant concludes by noting that producing of the settlement documents would not be unduly burdensome and the fact that they are purported to be confidential does not shield them from disclosure.  *See id.* at 7.  WFOI notes that it will consent to a protective order in the event the Court does order disclosure.  *See id.*

Plaintiff responded, asserting that it should not be compelled to provide the settlement information.  Plaintiff's primary argument is that Request No. 5 is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff notes that the settlement information would not

be admissible at trial under Rule 408 to support a claim by WFOI that BOAC was partially or entirely responsible for Plaintiff's injuries. *See* ECF No. 54 at 3–4. Plaintiff notes that, while the information may relate to valuation of a set-off under S.C. Code Ann. § 15-38-50, it would only become relevant after a verdict was entered against WFOI. *See id.* at 4–6. Plaintiff states that § 15-38-50 provides the Court with no discretion, as any set-off would be automatic. *See id.* at 5. Nevertheless, Plaintiff does concede that the agreement would have to be provided to the Court in the event Plaintiff receives a verdict against WFOI. *See id.* at 6. However, he argues that prior to any verdict, disclosure is simply not proper. *See id.* at 6–8. Plaintiff then contends that WFOI cannot show any legal interest in bringing a contribution claim, as this is not a bad faith, "Mary Carter" situation where the settlement agreement did not fully release Defendant BOAC while purporting to do so. *See id.* at 8–11. Plaintiff also notes that, in any event, WFOI would not be able to recover for contribution until a verdict was entered against it in Plaintiff's favor. *See id.*

Plaintiff also objects to Defendant's policy argument. Plaintiff notes that the potential for settlement alone is in no way reasonably calculated to lead to the discovery of admissible evidence. *See id.* at 11–15. Finally, Plaintiff argues that WFOI's witness bias argument also fails. Plaintiff asserts that he does not plan to call any representatives of BOAC and that the agreement contains no provisions which would contemplate testimony by a witness associated with BOAC. *See id.* at 15–16. Plaintiff argues that the Court should only address this issue if in fact a representative of BOAC is named as a witness.

## II.    Analysis

The Fourth Circuit has never recognized a settlement privilege or required a particularized showing that admissible evidence will be generated when confidential settlement documents are sought. *Polston v. Eli Lilly & Co.*, No. 3:08-3639, 2010 WL 2926159, at *1 (D.S.C. July 23, 2010).

4

Accordingly, the only question before the Court with whether WFOI has met the requirements of Rule 26(b)(1). In other words, "whether any information in the . . . agreement is relevant, and not unduly burdensome to produce." *Id.* at *1.

### 1. Set-Off

The Court will first examine whether the information is relevant to the issue of set-off. S.C. Code Ann. § 15-38-50 sets forth the rules governing set-offs under South Carolina law. This section "grants the court no discretion in determining the equities involved in applying a set-off once a release has been executed in good faith between a plaintiff and one of several joint tortfeasors." *Ellis v. Oliver*, 515 S.E.2d 268, 272 (S.C. Ct. App. 1999). Accordingly, it applies automatically as a credit against a judgment. *See id.*

Despite this, the Court finds that the settlement information is relevant to the issue of set-off and therefore discoverable. It is undisputed that the information will be relevant if in fact a judgment is entered against WFOI. However, the Court also agrees with WFOI that it is discoverable at this juncture. The inquiry at hand concerns whether the information sought concerns any non-privileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). Discovery is not "limited to information likely to lead to the discovery of only evidence admissible at trial." *Harding v. Transforce, Inc.*, No. 2:11-CV-244, 2013 WL 1828976, at *3 (S.D. Ohio May 1, 2013). Moreover, it need not "relate directly to the merits of the claims or defenses of the parties," as it may also "relate to any of the myriad of fact oriented issues that arise in connection with the litigation." *Wagner v. Circle W Mastiffs*, No. 2:08-cv-431, 2013 WL 2096655, at *5 (S.D. Ohio May 14, 2013) (citation omitted). The Court finds that the settlement agreement is relevant to WFOI's claim or defense due to the potential for a set-of, and thus is discoverable. *See Harding*, 2013 WL 1828976, at *5.

Several courts that have examined this issue have reached the same conclusion.[1] *See, e.g.*, *Spilker v. Medtronic, Inc.*, No. 4:13-CV-76-H, 2014 WL 4760292, at *3 (E.D.N.C. Sept. 24, 2014) ("In the present case, the settlement agreement is relevant to assess Defendants' exposure to possible damages."); *Zlotogura v. Progressive Direct Ins. Co.*, No. CIV-12-516-M, 2013 WL 1855879, at *2 (W.D. Okla. May 3, 2013) ("[T]he Court finds that the settlement agreement is relevant to the claims and defenses in this action."); *Tanner v. Johnson*, No. 2:11-cv-00028-TS-DSP, 2013 WL 121158, at *4 (D. Utah Jan. 8, 2013) ("Clearly, . . . defendants have standing to request discovery of Plaintiffs' and their codefendants' settlement agreement where Plaintiffs originally accused both sets of defendants of joint wrongdoing."); *Jackson v. Strategic Rests. Acquisition Co.*, No. 11-268-JJB-DLD, 2012 WL 1455213, at *3 (M.D. La. Apr. 26, 2012) (finding that the settlement agreements at issue "meet, albeit barely, the threshold requirement that they be relevant to a claim or defense, or may lead to relevant information" and thus "must be produced"); *Oakridge Assocs., LLC v. Auto-Owners Ins. Co.*, No. 3:10-CV-145-DCK, 2010 WL 3788058, at *3 (W.D.N.C. Sept. 23, 2010) ("The undersigned finds that the disputed Settlement Agreement should be subject to discovery due to the possibility it contains information relevant to the case."). As the Western District of Virginia has explained, settlement agreements are relevant "to the amount of setoff to which the non-settling defendants would be entitled" and that the terms of the releases "are relevant to the non-settling defendants' continued liability and right of setoff." *Selective Way Ins.*

---

[1] The Court acknowledges, however, that other courts, including Judge Anderson in the *Polston* case, have exercised their discretion and determined that production of settlement agreements was not appropriate until after a verdict has been entered. *See, e.g.*, *Wagner v. Circle W Mastiffs*, No. 2:08-cv-431, 2013 WL 4479070, at *4 (S.D. Ohio Aug. 19, 2013) ("[A]ssuming that the settlement agreement is relevant to the issue of damages and particularly a set-off analysis, the moving defendants have not demonstrated why disclosure of the settlement agreement is required now."); *Polston*, 2010 WL 2926159, at *2 (finding that, for the issue of set-off, "there is no reason . . . to order disclosure of the amount of the credit until a verdict finding liability has been reached").

*Co. v. Schulle*, No. 3:13CV00040, 2014 WL 462807, at *2 (W.D. Va. Feb. 5, 2014). Accordingly, the Court agrees that the settlement agreement is relevant to the claims and defenses in this action.

Based on the above, the Court finds that WFOI's motion should be granted, insofar as WFOI asserts the settlement agreement is relevant to the issue of set-off.

### 2. Dispute Resolution

The Court agrees with Plaintiff, however, that the settlement agreement is likely not discoverable on the basis that it may assist in dispute resolution. Dispute resolution or valuation of the case is not relevant to any claim or defense, nor is it reasonably calculated to lead to the discovery of admissible evidence.[2] *See, e.g.*, *Tanner*, 2013 WL 121158, at *6 ("[T]he Court agrees with Plaintiffs that evaluating settlement options is related less to relevance, than to policy reasons favoring disclosure of settlement agreements. As such, the Court rejects the . . . argument that the settlement agreement is relevant because it may alter their settlement negotiation strategy."). As one court has explained, while "the extent of Defendant's liability is certainly relevant to potential settlement, relevance to settlement negotiations is not relevant to the subject matter of the action, as contemplated by applicable rules and standards." *In re Flat Glass Antitrust Litigation*, MDL No. 1942, 2013 WL 1703864, at *1 (W.D. Pa. Apr. 19, 2013); *see also Wagner*, 2013 WL 2096655, at *8 ("The Court agrees that access to a settlement agreement for purposes of evaluation of settlement or negotiation strategy is not an issue directed to relevance."). However, in light of the fact that the Court has found the settlement agreement discoverable for another reason, this issue is moot.

---

[2] As with the issue of set-off, other Courts have come down on the opposite side of this question, finding that settlement agreements are in fact discoverable for this purpose. *See, e.g.*, *Spilker*, 2014 WL 4760292, at *4 ("Additionally, the production of the settlement agreement between Plaintiff and Vidant may promote a fair and equitable alternative resolution of the claims in a transparent manner."). The Court, however, is not persuaded that this reason alone would satisfy Rule 26(b)(1).

### 3. Witness Bias

WFOI's final argument is that the settlement agreement is relevant to the issue of witness bias or prejudice. Neither party, however, has stated definitively whether they will or will not call a witness to testify regarding the settlement between Plaintiff and BOAC. WFOI simply noted that "representatives of BOAC may be called as witnesses at trial." *See* ECF No. 53-3 at 6. Plaintiff, who is opposing the motion, merely states that "at the present time he has no intention of calling any witnesses affiliated with BOAC." *See* ECF No. 54 at 15. Accordingly, it is uncertain whether this will even become an issue. As a result, the Court finds that this reason would not require production at this junction.[3] Again, however, in light of the Court's ruling this argument is also moot.

## CONCLUSION

The Court agrees with WFOI that the settlement agreement between Plaintiff and BOAC is discoverable with regard to the issue of set-off. Accordingly, the Court grants WFOI's motion to compel Plaintiff's response to Request No. 5. In fairness to BOAC, who is no longer a party to this suit, the Court directs WFOI to give notice to BOAC's counsel that the agreement is to be produced.[4] BOAC will have five days to file any objections to the production of the settlement agreement. To the extent BOAC and its counsel desire a protective order regarding production of

---

[3] The Court notes that if a witness were to be called to testify regarding the settlement between Plaintiff and BOAC, this likely would support disclosure of the agreement. *See, e.g.*, *Tanner*, 2013 WL 121158, at *6 ("[T]he Court finds the terms of the settlement agreement . . . are relevant to establish the witness credibility and bias . . . ."). Plaintiff acknowledged this fact in his brief, quoting authority which stated that such information is "potentially relevant because of a settling co-defendant's contemplated cooperation, at trial, with his or her former adversary." *See ABF Capital Mgmt. v. Askin Capital Mgmt.*, No. 96-cv-2978, 2000 WL 191698, at *3 (S.D.N.Y. Feb. 10, 2000).

[4] Plaintiff stated in his brief that he contacted counsel for BOAC, who indicated on behalf of BOAC that he has "no objection to the Release and the terms of settlement, including the amount, being disclosed to WFOI's attorneys and Judge Harwell." *See* ECF No. 54 at 16.

8

the settlement agreement, he and Plaintiff's counsel should consult and submit a proposed protective order limiting the disclosure of the BOAC settlement agreement to the parties, counsel, their insurers, or others that they agree upon.

**IT IS THEREFORE ORDERED** that WFOI's motion to compel is **GRANTED**.

**IT IS SO ORDERED.**

 s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
April 14, 2015